## ANDERSON v. UNITED STATES
(two cases).

(Circuit Court of Appeals, Eighth Circuit. March 14, 1927.)

Nos. 7428, 7429.

1. **Criminal law ⊙⟹1169(3)—Evidence of finding alcohol in defendant's store on raid half hour after purchase without prescription held not prejudicial, defendant admitting facts.**

In prosecution of druggist for selling alcohol without prescription, testimony of prohibition officers as to alcohol found on search of defendant's premises in raid made within half hour after purchasing alcohol tended to corroborate agent's testimony, and was not prejudicial as proof of subsequent offenses, where defendant admitted facts.

2. **Criminal law ⊙⟹369(6)—Evidence of similar offenses is incompetent, in prosecution for selling alcohol without prescription.**

In prosecution of druggist for selling diluted alcohol fit for beverage purposes without prescription, government need not establish defendant's intent, and evidence of other similar offenses is therefore not competent, though exception is sometimes made where there is close connection between the other offenses and the one charged.

3. **Criminal law ⊙⟹1144(14), 1159(3,4)—Appellate court cannot pass on weight of conflicting evidence or credibility of witnesses, and must assume disputed fact questions were submitted under proper instructions.**

In absence of motion for directed verdict at close of trial, Circuit Court of Appeals cannot pass on weight of conflicting evidence or credibility of witnesses, and must assume that all disputed questions of fact were submitted to jury under proper instructions.

In Error to the District Court of the United States for the District of Minnesota; William A. Cant, Judge.

Lawrence M. Anderson was convicted of making illegal sales of intoxicating liquor without a prescription, and he brings error. Affirmed.

Donald G. Hughes, of Minneapolis, Minn., for plaintiff in error.

Lafayette French, Jr., U. S. Atty., and James A. Wharton, Asst. U. S. Atty., both of St. Paul, Minn.

Before STONE and VAN VALKENBURGH, Circuit Judges, and SYMES, District Judge.

SYMES, District Judge. These two cases charge the same defendant with illegal sales of liquor, and were consolidated for trial. The first charges sales of alcohol without a prescription to one Herman Miller, on September 20 and 21, 1924, respectively, at defendant's drug store in the city of Duluth, Minn. The second information alleges a sale of half a pint of alcohol without a prescription to the said Miller on the 27th day of September, 1924, at the same place. Defendant was convicted on all three counts.

Briefly, the evidence is that on September 20th, Miller, a prohibition agent, went into the defendant's drug store and purchased from defendant a half pint of alcohol; that he tested it by taste and smell, and found it to be intoxicating, containing more than one-half of 1 per cent. of alcohol by volume. The next day he again visited the drug store, accompanied by Agent Harney, and defendant made another sale of alcohol to Miller in Harney's presence. They both tasted and smelled it, and testified it was alcohol, intoxicating, and fit for beverage purposes. This last purchase was introduced as Exhibit A.

On September 27th Miller and another agent, named Tetzel, entered the drug store about noon, and defendant made another sale to Miller in Tetzel's presence. They testified that the defendant secured the bottle from a drawer near the cash register; that it was

alcohol fit for beverage purposes and intoxicating. Within half an hour after the latter purchase the premises were searched under authority of a federal search warrant, and nine gallons of alcohol were found in two containers in the prescription room. A half pint bottle of diluted alcohol was also found there and introduced as Exhibit C. Two pints were found in a drawer of the counter under the cash register, and were introduced as Exhibit B.

A government chemist testified that Exhibit A contained 69 per cent. of alcohol by volume, Exhibit B 54 per cent., and that both were grain alcohol diluted, and potable as a beverage. The defendant admitted that he was proprietor of the drug store in question, but denied having seen the government witnesses, or having made the sale. It is conceded that Anderson had a government permit for an amount of alcohol in excess of that found and introduced several exhibits establishing his right to have possession of alcohol and liquors.

[1] Defendant says the testimony of what was found upon the search of his premises subsequent to the sales described in the information was prejudicial, and amounted to proof of other and subsequent offenses. On principle the argument is meritorious, but here the raid was made within half an hour of the last purchase, and therefore tended in some degree to corroborate the story of the government witnesses, by showing that liquor of the kind sold half an hour before was kept on the premises. While it is true the defendant had a legal right to possess and sell alcohol and intoxicating liquor, he could not, under the regulations, lawfully deal in diluted alcohol.

[2] In cases of this character, it is not necessary for the government to establish intent as an element of the crime, and for that reason evidence of other similar offenses is not competent. Jianole v. U. S. (C. C. A.) 299 F. 496; Fish v. U. S. (C. C. A.) 215 F. 544, L. R. A. 1915A, 809. Exception is sometimes made, however, where there is a close connection between such other offenses and the one charged. Grantello v. U. S. (C. C. A.) 3 F.(2d) 117. The defendant readily admitted the facts disclosed by this evidence, so we cannot see that any harm was done. Further, the purpose and effect of it, in the first instance, was a matter for the court to explain to the jury in its instructions, either on request or of its own motion. The instructions are not before us, so we may assume that this was done.

[3] The only remaining question is that of the sufficiency of the evidence. No motion for a directed verdict was made at the close of the trial. We have carefully read the record, and the best that can be said for defendant is that it discloses a conflict in the evidence. This court cannot pass upon the weight of the evidence, or the credibility of the witnesses, and must assume that all disputed questions of fact were submitted to the jury under proper instructions.

It follows that the judgment of the lower court should be affirmed; and it is so ordered.