## McMILLAN et al. v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
May 23, 1928.

No. 7688.

**1. Indictment and information ⊜⇒125(47)—Indictment for possession of liquor held not duplicitous, as charging violation of different statutes (25 USCA § 244).**

An indictment charging possession of whisky at a point near Tulsa, Okl., *held* to charge a violation of Act June 30, 1919 (25 USCA § 244), relative to possession of intoxicants in former Indian territory, and not duplicitous as charging violation of several statutes.

**2. Indictment and information ⊜⇒86(4)—Indictments for possession and transportation held to describe place of offense sufficiently (25 USCA § 244).**

Indictments for possession of intoxicants in former Indian territory, in violation of Act June 30, 1919 (25 USCA § 244), and for transportation, sufficiently described the place of the offenses as on Federal Drive, half a mile from named cemetery, and east of Tulsa, Okl.

**3. Indians ⊜⇒38(4)—Intoxicating liquors ⊜⇒138—Indictments for possession and transportation to place of possession held to charge different offenses (25 USCA § 244).**

Indictments for possession of intoxicants in former Indian territory, in violation of Act June 30, 1919 (25 USCA § 244), and for transportation to place of possession, charged different offenses.

**4. Indictment and information ⊜⇒129(1)—Charges of possession and transportation of liquor could be joined in one indictment (25 USCA § 244).**

Charges of possessing intoxicants in former Indian territory, in violation of Act June 30, 1919 (25 USCA § 244), and for transportation of same liquor, though charging different offenses, related to same transaction, and could be charged in same indictment and tried together.

**5. Criminal law ⊜⇒703—Opening statement as to fast driving just before collision at point of possession and transportation of liquor not prejudicial.**

On trial for possessing and transporting liquor, opening statement of attorney that defendants were traveling at high rate of speed immediately prior to collision between car in which liquor was transported and another car *held* not prejudicial, if improper.

**6. Indians ⊜⇒38(5)—Intoxicating liquors ⊜⇒233(1)—Evidence as to intoxication of defendant and his conduct at place of possession and transportation held admissible (25 USCA § 244).**

On trial for possessing intoxicants in violation of Act June 30, 1919, (25 USCA § 244), and for transportation, evidence that, following collision between defendant's car and another, he was intoxicated and cursing, was admissible.

**7. Criminal law ⊜⇒1036(2), 1054(1)—Exclusion of question on cross-examination not assignable as error without objection, exception, or further cross-examination.**

Where there was no objection or exception to exclusion of cross-examination as repetition, and no attempt to further cross-examine along the same line, the ruling could not be assigned as error.

**8. Criminal law ⊜⇒901—Motion for directed verdict at close of government's case was waived by introducing evidence.**

Motion for directed verdict at close of government's case was waived by introducing evidence.

**9. Indians ⊜⇒38(5)—Intoxicating liquors ⊜⇒236(20)—Evidence held to support conviction for possession of liquor in Indian country and for transportation (25 USCA § 244).**

Evidence *held* to support conviction for possession in Indian country, in violation of Act June 30, 1919 (25 USCA § 244) and for transportation.

**10. Criminal law ⊜⇒814(17)—Evidence held to warrant refusal of instruction that conviction could not be had, unless all facts inconsistent with innocence.**

On trial for possessing intoxicants in Indian country and for transportation, evidence *held* to justify refusal of instruction that government relied on circumstantial evidence, and that conviction could not be had, unless all facts were inconsistent with innocence.

**11. Criminal law ⊜⇒1209—Separate sentences for possession in Indian country and for transportation authorized (25 USCA § 244).**

Indictment charging in two counts possession of intoxicants in violation of Act June 30, 1919 (25 USCA § 244), and transportation, charged separate offenses, justifying separate sentences.

**12. Criminal law ⊜⇒1218—Sentence for transportation of liquor could not provide for imprisonment in penitentiary for nonpayment of fine.**

Sentence for transportation of liquor could not provide for imprisonment in penitentiary for nonpayment of fine.

Otis, District Judge, dissenting.

In Error to the District Court of the United States for the Northern District of Oklahoma; Franklin E. Kennamer, Judge.

J. S. McMillan and Margaret Gray were convicted of offenses, and they bring error. Affirmed in part, and remanded.

H. T. Church, of Tulsa, Okl., for plaintiffs in error.

John M. Goldesberry, U. S. Atty., of Tulsa, Okl. (W. B. Blair, Asst. U. S. Atty., of Tulsa, Okl., on the brief), for the United States.

Before STONE, Circuit Judge, and REEVES and OTIS, District Judges.

STONE, Circuit Judge. This was originally a joint writ of error by J. S. McMillan and Margaret Gray from convictions under an indictment containing two counts, one for possession of intoxicants in former Indian territory and one for transportation of intoxicants. Counsel for plaintiffs in error stated in the argument that the writ had been dismissed as to Margaret Gray and the case was presented for McMillan alone, and will be so considered.

The first count of the indictment charged the defendant with having possession of one pint of whisky at a place "located half mile east of Rose Hill Cemetery, on Federal Drive, east of the city of Tulsa, Tulsa county, state of Oklahoma, a more accurate description of the exact place being to the grand jurors unknown." The second count charged the transportation "in a Chrysler roadster from a point to the grand jurors unknown to and at a point located on Federal Drive about half a mile east of Rose Hill Cemetery, east of the city of Tulsa, Tulsa county, state of Oklahoma, a more accurate description of the exact place being to the grand jurors unknown" of the same liquor. The claimed errors are argued here under seven propositions.

[1–3] I. The first proposition is that the court erred in overruling the demurrer to the indictment and also in overruling a motion to require the government to elect upon which count defendant would be tried. The attack upon the first count of the indictment is that it is duplicitous because it charges a violation under several statutes requiring different proof and carrying different penalties. We think this proposition should be determined against plaintiff in error and the indictment held good as being in violation of the Act of June 30, 1919 (25 USCA § 244), under the following decisions of this court: Lucas v. United States, 15 F.(2d) 32; Buchanan v. United States, 15 F.(2d) 496; Renfro v. United States, 15 F.(2d) 991; Sharp v. United States, 16 F.(2d) 876. Another objection to both counts of the indictment is that it does not charge with sufficient particularity the place of the crime. We think there is no merit in this contention as the indictment shows a very accurate statement of the place and it would be impossible for accused to be misled or to be faced with a second charge for the same offense under the above statement. The next contention is that the offense of transportation, charged in the second indictment, included and covered the possession as charged in the first. There is no merit in this contention. The offenses

were different, required different proof and were for violations of different statutes.

[4] The objection that the court erred in not sustaining the motion to elect is without merit as the offenses, although different, related to the same general transaction and could properly be charged in the same indictment and tried together under the statute.

[5] II. This proposition relates to portions of the opening statement of the United States attorney to the effect that he would show that immediately prior to the time the car in which the liquor was being transported was driven into another car, it was traveling on the highway at a high rate of speed. We are not at all sure that this statement was improper, but we are certain that it was not prejudicial.

[6] III. This proposition relates to the admission of evidence as to what took place immediately after the collision concerning the conduct of defendant. This testimony was by one of the witnesses and to the effect that she had raised him up and set him back in the car when he started to get out cursing and that they were frightened and started to run down the street because he was drunk and her statement that he was very much intoxicated at that time. It was impossible to show the essential facts of possession here without outlining the transaction in connection with the collision and we think this evidence was proper. Furthermore, his condition at that time, under the surrounding circumstances would have a bearing upon the possession.

[7] IV. This proposition is a claim that the court restricted counsel in cross-examination of one of the prosecuting witnesses and relates to the following evidence:

"Q. Now, couldn't you be mistaken, Mrs. Ballou, about there being liquor in that car?

"The Court: She has already answered that. Do you want her to repeat her answer? She told you awhile ago she was positive there was liquor there."

The same matter had been covered already in the cross-examination. There was no objection to this action of the court, no exception taken thereto and no attempt to further cross-examine along that line. Therefore, this cannot be assigned as error.

[8, 9] V. This proposition is that the court erred in overruling defendant's motion for a directed verdict at the close of the evidence on behalf of the government. As the defendant proceeded thereafter to introduce his evidence, that motion was waived. However, the defendant did present the same point at the close of all the evidence and it is proper to consider it in that connection. We have ex-

amined the evidence and think it is amply sufficient to support the verdict.

[10] VI. This proposition is an attack upon a part of the charge on the ground that it is unduly argumentative. We think this objection not well taken. It is true that the court in that part of the charge stated his view of the credibility of the witnesses and of the evidence, but the court very carefully charged the jury in the same connection and in other parts of the charge that they were not in any wise bound by his view of the facts. Another matter argued under this proposition is that the court erred in refusing two requests to charge. The first of these was to the effect that the government relied upon circumstantial evidence for a conviction and that a conviction on such evidence could not be returned unless all of the facts were inconsistent with innocence. This instruction was properly refused as the case presented no such situation and this request had no bearing upon the real issue before the jury.

The evidence for the government was as follows: About 4:30 the morning of May 30, 1926, three ladies (Mrs. Ballou, Mrs. Stough and Mrs. Romine) with two small boys started in a Buick car from Tulsa, Oklahoma, to drive to Kansas City. About four miles from Tulsa their car was struck from the rear by a Chrysler roadster. In the Chrysler car were the defendants, the woman was driving. The collision severely injured McMillan and bruised and shocked the woman somewhat. A few minutes later, Mrs. Ballou and Mrs. Stough came up to the Chrysler where McMillan was leaning out of the side of the car bleeding from a cut in the head. The woman was leaning back in the driving seat. Both of the defendants were drunk. Mrs. Ballou pushed McMillan back into the seat. Then he proceeded to get out and, thinking he was cursing them and coming toward them, the two ladies fled up the road a short distance until they met a Mr. Marrs who returned with them to the Chrysler car. Mrs. Ballou noticed parts of a broken bottle on the floor near the center of the car. She picked up the bottom part of the bottle and handed it to Mrs. Stough. Both swore it contained a small quantity of whisky. Both swore that the floor of the car in front of the seat was wet and smelled strongly of whisky. There is no dispute that there was a broken bottle found where Mrs. Ballou says this bottle was and the undisputed inference is that it was broken at the time of the collision. There is no dispute that the bottle had contained intoxicating liquor.

There is a dispute as to whether there was any liquor remaining in the bottle when found or when broken and as to what kind of liquor had been in it.

Only one of the defendants (Margaret Gray) took the stand and she swore the bottle had contained Jamaica ginger but that it had been emptied before the collision. She swore, also, that the liquor belonged to a rather indefinite third person who had been in the car but had left before the collision but after she and he had emptied the bottle. In this state of the evidence, the jury had a right to disbelieve the latter story in its entirety and the verdict shows they did so because the verdict would have been otherwise had they believed it. The evidence they believed, and were amply justified in believing, was that both defendants, who had been drinking, were in a one seated car which carried a bottle containing some whisky in the part of the car where they were, either on the seat between them or on the floor between them. We do not stop to discuss or determine the question (often vexing) of whether this evidence is direct or circumstantial. However, treating it as circumstantial, yet, in our opinion, it is not as consistent with innocence as it is with guilt where the charge is that those two persons were transporting and possessing whisky at that time and place. They certainly had it under their complete control and possession and they were certainly transporting it. In our judgment this is not a case for application of the rule of all the facts being consistent with innocence but it is a case of two conflicting theories of evidence —one of which would establish innocence and the other might establish guilt.

The other request to charge was to the effect that a conviction could not rest upon presumption or suspicion but only upon competent testimony. The substance of this request was covered by the charge.

[11, 12] VII. This proposition covers two matters. The first is that the verdict was the result of passion and prejudice and not supported by sufficient legal and competent testimony. There is no merit to this contention. The second contention relates to the sentence. The sentence on the first count was imprisonment for two years in the penitentiary at Leavenworth and a fine of $300. The sentence on the second count was a fine of $500. In each instance the commitment was made to the penitentiary until the fines were paid. The first objection to these sentences is that the offenses were the same and the first count merged into the second, therefore, there could

be no sentence under the first or there would be double punishment. There is no merit in this contention as the offenses were different, required different testimony and justified separate sentences. The other objection to the sentence is that incarceration in the penitentiary was ordered until the fine on the second count was paid. We think this objection is well taken. The incarceration to enforce payment of the fine in the punishment of a misdemeanor cannot be required to be served in a penitentiary, but must be in some jail.

We think the judgment should be affirmed except as to that part of the sentence on the second count requiring incarceration at Leavenworth until the fine thereunder is paid and that the case should be remanded for the sole purpose of having the sentence in that respect and to that extent corrected.

It is so ordered.

OTIS, District Judge (dissenting). I do not find myself able to agree with the majority of the court that the trial court did not err in refusing to give an instruction defining the conditions under which circumstantial evidence alone warrants a verdict of guilty. A statement of the evidence is necessary to determine whether the case made by the government was in fact wholly circumstantial.

On May 30, 1926, the defendant, with his codefendant, Margaret Gray, was in a motor car belonging to him and at the time operated at his direction by Miss Gray. They were driving south out of Tulsa. Their car violently collided with a car ahead of them, going in the same direction. After the collision the defendant was observed to be in an intoxicated condition. There was a broken bottle in the car and whisky spilled out on the floor. Such was the showing made by the government. The testimony put on by the defendant was to the effect that neither McMillan nor Miss Gray had any whisky or intoxicating liquors in their possession and that the

27 F.(2d)—7

broken bottle found in the car had contained Jamaica ginger which belonged to a third person, picked up by them and who had left the car shortly before the collision.

The instruction requested by the defendant and refused by the court was as follows:

"You are instructed that the state relies for a conviction in this case upon what is known as circumstantial evidence, and in this matter you are instructed that, to warrant a conviction upon circumstantial evidence, each and every fact necessary to the conclusion of the defendants' guilt must be proven by competent evidence beyond a reasonable doubt, and all the facts and circumstances proven must not only be consistent with the guilt of the accused, but consistent with each other, and inconsistent with any other reasonable hypothesis or conclusion than that of the guilt of said defendants, and must exclude to a moral certainty every other reasonable hypothesis, and be incapable of explanation except that of guilt."

There was direct evidence that there was whisky in the motorcar in which the defendant was riding. But there was another person and there had been a third person in the car. In such a situation, is the evidence direct that the whisky was in possession of or being knowingly transported by the defendant, or is it only circumstantial? If it is direct as to one occupant of the car, why not also as to each of the others? Suppose it was a motorbus with 20 occupants and whisky was found, not in the actual possession of any one of them, but in the bus after all had left it. Who would say there was direct evidence of possession or transportation by any one of the 20 passengers?

The circumstances very strongly indicated defendants' guilt, but in my view there was an absence of direct evidence of the ultimate facts in issue. The instruction on circumstantial evidence should have been given. It correctly set out the law. Dimmick v. United States (C. C. A.) 135 F. 257, 264. To refuse it was error. 16 Corpus Juris, 1008.