## DOYLE et al. v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
May 31, 1929.

No. 8071.

John T. Harley, of Tulsa, Okl., for plaintiffs in error.

W. B. Blair, Asst. U. S. Atty., of Tulsa, Okl. (John M. Goldesberry, U. S. Atty., and Harry Seaton, Asst. U. S. Atty., both of Tulsa, Okl., on the brief), for the United States.

Before STONE, Circuit Judge, and FARIS and SYMES, District Judges.

SYMES, District Judge. The plaintiffs in error, hereafter called defendants, were indicted and convicted in the Northern district of Oklahoma. The first count of the indictment charged a conspiracy to possess liquor unlawfully within the limits of the Indian Territory, and sets out five overt acts. The second to sixth counts of the indictment made substantive offenses of sale or possession out of the overt acts.

Both defendants were acquitted on the conspiracy count. Doyle was convicted upon the second count, to wit, possession, the third count, sale, the fourth count, possession, and the fifth count, sale; but acquitted on the sixth count, possession. Kimes was found not guilty on all counts except the sixth, possession.

Counsel for plaintiffs in error advance three reasons for reversal: First, that the court erred in admitting the evidence of offenses other than those charged in the indictment, citing cases to the proposition that evidence of offenses distinct from those charged is not competent. The testimony disclosed numerous sales and acts of possession within a comparatively short space of time; that is, between the 12th and 20th of August, 1925, inclusive.

The government agents bought liquor on the dates in question on certain premises where a saloon seems to have been conducted by the defendant Doyle. The particular evidence objected to was, that on August 18th two of the government officers crossed the state line in the immediate neighborhood of the premises, 30 steps away, and found several jugs hidden, which they said had recently contained whisky, as evidenced by the odor, and also picked up a gunny-sack containing several bottles of whisky; that the place where these articles were found was connected by a well-beaten path with the premises of the defendant, where the offenses occurred.

Three cases in this circuit—McMillan v. U. S. (C. C. A.) 27 F.(2d) 94; Anderson v. U. S. (C. C. A.) 18 F.(2d) 404, and Cook v. U. S. (C. C. A.) 14 F.(2d) 833—have passed on this question. They hold that evidence of distinct offenses, independent of those charged in the indictment or information, is competent only where intent is an essential ingredient of the crime charged, except where they are so related to the main issue, or are part of the surrounding circumstances in respect to time and character, as to aid in its solution, and that considerable discretion is allowed the trial judge in deciding whether such evidence tends in some degree, at least, to corroborate the other evidence. See, also, generally, U. S. v. Anderson (C. C. A.) 31 F. (2d) 436.

Moreover, on a conspiracy charge, the government is not confined to the overt acts actually pleaded, but may show other transactions of a similar nature occurring at the time charged. Another rule material here is that evidence of possession of liquor on or about the date, and in the immediate neighborhood of the place of sale, is competent in support of a sales count. Petroff v. U. S. (C. C. A.) 13 F.(2d) 453.

The next point is advanced in behalf of Kimes, and charges error in the refusal of the court to direct a verdict in his favor on the sixth count. This defendant was acquitted on all but this one. The evidence on this is, briefly, that when the officers broke in on the day of the raid they found Kimes running from behind the bar with a bottle of whisky in his hand, which he immediately broke by throwing it on the floor. Defendant's story is that, shortly before the officers broke in, a stranger in the building gave him this bottle; that he did not know what the contents were, but threw it upon the floor and broke it. Clearly this presented an issue of fact for the jury, and their verdict cannot be disturbed.

Under the third point, the defendant Kimes says the court committed reversible error in permitting the government to recall him for further cross-examination when the court recessed, to show that the defendant Doyle gave him $10 in money. The evidence shows that both sides rested at the noon recess; that when the court reconvened at 2:30 the government recalled Kimes for further cross-examination, whereupon he testified that at the time of the crime, and at the times named in the indictment, he had a speaking acquaintance with Doyle for about a year previous, and that that was all the acquaintance he had ever had with him. He then admitted that when court recessed at noon Doyle gave him $10 out in front of the courthouse. This was after he had completed his testimony. Objection to and motion to strike out this evidence was overruled, the court

stating that it was permitted only to show the acquaintance and relation existing between the parties.

We are of the opinion that this evidence did not throw any light upon the crime charged, which occurred two years previous to the trial. It should have been excluded. It was immaterial, however, and, if any harm were done the defendant by its admission, it could easily have been corrected by a proper instruction, but none was tendered or requested on this point. Where evidence is introduced, which is liable to be applied to a purpose different from that intended, it is the duty of the court, upon request, to limit the application of the evidence to the purpose for which it is competent. 16 C. J. 854, § 2155. Failure to do so, however, is not error, in the absence of a special request. Moffatt v. U. S., 232 F. 522 (8th C. C. A.); Schultz v. U. S., 200 F. 234 (8th C. C. A.).

On the entire record we are of the opinion that the verdict of the jury was fully justified, and that we are not warranted in setting it aside. Section 269, Judicial Code; USCA tit. 28, § 391.

The conviction and judgment of the lower court is affirmed.