**L. C. SEARS, Appellant.**

v.

**UNITED STATES of America, Appellee.**

**No. 73–1476.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 18, 1973.

Decided Jan. 14, 1974.

Rehearing Denied Feb. 6, 1974.

Richard W. Hobbs, Hot Springs, Ark., on brief, for appellant.

Robert E. Johnson, U. S. Atty., Fort Smith, Ark., on brief, for appellee.

Before LAY, BRIGHT and WEBSTER, Circuit Judges.

WEBSTER, Circuit Judge.

L. C. Sears appeals his conviction of knowingly transporting, possessing and selling 50 gallons of distilled spirits in violation of 26 U.S.C. § 5205(a)(2). In this appeal he contends (1) that the trial court erroneously admitted evidence of other offenses not charged in the indictment; (2) that the trial court erroneously permitted testimony of sales of illicit liquor by other persons, and of other transactions in which he was not involved; (3) that the trial court erroneously denied a motion for mistrial after government counsel had made prejudicial remarks about Sears' involvement in a whiskey ring; and (4) that the court erroneously failed to give an instruction limiting the jury's consideration of prior convictions to questions of credibility. Upon a full review of the record below, we affirm the judgment of conviction.

On the evening of November 9, 1971, Paul Darby and James Alexander, agents of the Bureau of Alcohol, Tobacco and Firearms, contacted Sears and requested him to put them in touch with a man from whom Darby had purchased moonshine whiskey on November 6. Following Sears' instruction the agents followed Sears' car from the American Legion Club at Hot Springs, Arkansas, to another bar and waited for him. Sears took the keys to the agents' truck and drove away. When he returned he told the agents to follow him to a road-

side park. When they arrived Bill Abbott was there with 50 gallons of whiskey, which they moved into the government truck.

On December 1, 1971, the agents again met with Sears at the American Legion Club. Pretending to be operators of a private club outside Houston, they asked Sears to help them contact a man who had sold them whiskey on November 9. Darby testified that Sears declined to do so but said he would handle the transaction. Sears left in the government truck and later returned with 50 gallons of illicit whiskey, for which the agents paid him $310. Again on December 10, 1971, the agents met with Sears at the Broadway Lounge, Hot Springs, Arkansas, and asked to purchase 100 gallons of moonshine whiskey. Sears again took the agents' truck and left. In approximately two to three hours Cecil Lee Abbott returned with the truck, which contained 100 gallons of illicit whiskey. Sears was arrested December 15 and charged with the December 1st offense.

### Evidence of Other Crimes

In its case in chief the Government thus offered evidence, not only of transportation, possession and sale of illicit whiskey on December 1, as charged in the indictment, but also adduced evidence of Sears' participation in similar activities both prior[1] and subsequent[2] to December 1. The record clearly reveals that defense counsel made timely objections to testimony with respect to other crimes and this issue is well preserved on appeal.

■ The general rule that evidence of prior criminal conduct is not admissible against a criminal defendant is subject to well-recognized exceptions. In Atwell v. Arkansas, 426 F.2d 912 (8th Cir. 1970), the court said:

> The general rule is that evidence of past crimes is inadmissible and incompetent for the purpose of showing commission of the particular crime charged unless the prior conviction is an element of or is legally connected with the crime for which the accused is on trial. (Citations omitted)

> But recognized exceptions to the rule are that such evidence "is usually competent and admissible to prove the accused's identity, knowledge, intent and motive, to show a common criminal scheme or plan, and in negation of the likelihood that the crime was committed as a result of inadvertence, accident, or mistake." 29 Am.Jur.2d, Evidence § 321 (1967).

> 426 F.2d at 914.[3]

■ Sears contends that the offense charged in the indictment does not require as an element of the offense the specific intent to commit the act and that evidence of similar offenses was therefore not admissible.[4] However, evidence of similar offenses is permissible to show knowledge, as well as a common criminal scheme or plan, in negation of

1. November 9–10, 1971.

2. December 10, 1971.

3. The authority for these exceptions is legion: United States v. Olsen, 487 F.2d 77 (8th Cir. 1973); United States v. Cochran, 475 F.2d 1080 (8th Cir. 1973); United States v. Bessesen, 433 F.2d 861 (8th Cir. 1970), cert. denied, 401 U.S. 1009, 91 S.Ct. 1254, 28 L.Ed. 2d 545 (1971); Von Feldt v. United States, 407 F.2d 95 (8th Cir. 1969); Koolish v. United States, 340 F.2d 513 (8th Cir.), cert. denied, 381 U.S. 951, 85 S.Ct. 1805, 14 L.Ed. 2d 724 (1965); Williams v. United States, 272 F.2d 40 (8th Cir. 1959); Wiley v. United States, 257 F.2d 900 (8th Cir. 1958); *see*

*also* Parker v. United States, 400 F.2d 248 (9th Cir. 1968), cert. denied, 393 U.S. 1097, 89 S.Ct. 892, 21 L.Ed.2d 789 (1969); United States v. Deaton, 381 F.2d 114 (2d Cir. 1967); Herman v. United States, 220 F.2d 219 (4th Cir. 1955); United States v. Walker, 176 F.2d 564 (2d Cir.), cert. denied, 338 U.S. 891, 70 S.Ct. 239, 94 L.Ed. 547 (1949).

4. Appellant relies on Anderson v. United States, 18 F.2d 404 (8th Cir. 1927), but that case held that exceptions to the general rule may be made where there is a close connection between the other offenses and the one charged. 18 F.2d at 405.

the likelihood that the crime was committed as a result of inadvertence, accident or mistake. Atwell v. Arkansas, *supra*. In each instance objected to, as on December 1, Sears was the contact man and in each instance Sears used the truck of the government agent to obtain the whiskey. The offenses were sufficiently proximate in time and clearly were admissible on the issue of knowledge and common scheme or plan, notwithstanding the absence of specific intent as an element of the offense.[5]

### Crimes by Others

Over objection, government witness Cecil Lee Abbott, one of the participants, was permitted to testify as to the location of the still from which all the whiskey had come and generally to testify with respect to other activities emanating from the still. He testified that Sears was one of the organizers of the still, which was located on the Allen farm, and that Sears supplied some of the lumber for building pigpens and most of the barrels. To the extent that appellant's objection to this testimony was directed to Sears' involvement, the trial court properly overruled the objections since they showed the source of the whiskey and Sears' knowledge that it had been illegally distilled.

To the extent that appellant argues that evidence of activities by Cecil Lee Abbott and Bill Abbott represented evidence of criminal activity of others, we find this argument to be without merit. In each such circumstance Sears was closely involved as one of the participants, and the activities of the Abbotts were properly received as showing the source and means by which Sears committed the offense as charged and his knowledge thereof as shown by his participation with the Abbotts in a common plan or scheme on other closely related occasions.

### Remarks of Counsel

During direct examination of agent Darby, the prosecutor inquired whether Darby had purchased "any whiskey out of this same operation other than these three?" The court asked the prosecutor what he meant by "same operation" to which the prosecutor replied: "Sir, I mean from the people involved in this, which is L. C. Sears, Lee Abbott, Bill Abbott, and out of this same still." Whereupon the following colloquy took place:

> THE COURT: Well, of course, Mr. Sears is the only one that is being tried right now.
>
> MR. LAREY: Yes, Judge. We are attempting to show that he was the ring leader and the prime mover, but he also let other people peddle whisky for him, according to our investigation, and I wish to ask this—
>
> THE COURT: Well, Mr. Larey, I don't think you ought to be testifying yourself about it. You ask a question, if you care to, but you're trying Mr. Sears, and you may show any connection he might have had with anyone else, if you like.

Defense counsel promptly moved for a mistrial, contending that the remarks of the prosecutor were outside the scope of the indictment and "anything else connected with Mr. Abbott or any dealings that Mr. Darby has had with Mr. Alexander, with Cecil or Bill Abbott, has no place in this trial." The court did not grant the motion for mistrial but at that time instructed the jury that "[i]t is not evidence in the case, and you'll disregard it."

While it would have been better practice to have required that the colloquy quoted above take place at the bench, out of the hearing of the jury, the court promptly and correctly instructed the

---

5. That the activities on December 10 were subsequent to the charged offense did not on that ground alone make it incompetent evidence. O'Reilly v. United States, 486 F.2d 208 (8th Cir. 1973); McConkey v. United States, 444 F.2d 788, 790 (8th Cir.), cert. denied, 404 U.S. 885, 92 S.Ct. 223, 30 L.Ed. 168 (1971).

jury with respect to such statements and we perceive no prejudicial error here.[6]

*Evidence of Prior Convictions*

 The defendant offered the testimony of Bill Lee Abbott and took the stand himself to testify that his activities were in fact a mere accommodation to the Abbott brothers and that he had no knowledge of or interest in the illicit whiskey transactions. Prior to his taking the stand, defense counsel moved to exclude any evidence of prior convictions. The court denied the motion. Defense counsel again renewed his objections when Sears was asked whether in 1962 he was convicted of violating the Internal Revenue liquor laws. The court, in overruling the objection, said:

> It's a proper question for the purpose of credibility of the witness, and the jury will consider the question and the answer only for that purpose, goes to the credibility of the witness.

On further cross-examination the Government brought out that Sears had been convicted in 1962 of possessing liquor, a still, and unpaid tax whiskey, and that in 1961 he had been convicted of operating a still in violation of Internal Revenue laws. The court overruled a renewed objection and advised the jury that "[i]t's a proper question for the purpose which the court said it could be admitted, and you will consider it only for that purpose."

 Appellant urges this court to limit the use of prior convictions for purposes of impeachment to offenses involving a crime of moral turpitude. Thus, he argues, a conviction for the sale of moonshine whiskey should not be used to impeach the credibility of a witness. This qualification has been recognized in our circuit with respect to misdemeanors only. Lawrence v. United States, 18 F.2d 407 (8th Cir. 1927). Nothing in the record suggests (nor does appellant contend) that Sears' prior convictions were not felonies. While in our circuit the court has discretion to control the quantum of impeachment evidence, we have consistently held that prior felony convictions are admissible for impeachment purposes. United States v. Scarpellino, 431 F.2d 475 (8th Cir. 1970); Montgomery v. United States, 403 F.2d 605 (8th Cir. 1968), cert. denied, 396 U.S. 859, 90 S.Ct. 126, 24 L.Ed.2d 110 (1969); Whitfield v. United States, 376 F.2d 5 (8th Cir.), cert. denied, 389 U.S. 883, 88 S.Ct. 143, 19 L.Ed.2d 179 (1967). The Second Circuit has admonished the courts, in exercising this discretion, to consider four factors in making its determination: (1) nature of the conviction, (2) its bearing on veracity, (3) its age, and (4) propensity to influence the minds of the jurors improperly. United States v. Palumbo, 401 F.2d 270, 273 (2d Cir. 1968), cert. denied, 394 U.S. 947, 89 S.Ct. 1281, 22 L.Ed.2d 480 (1969). Applying these standards, we find no abuse of discretion by the district judge.[7]

Affirmed.

6. Offers of proof frequently involve arguments in support of the admission of testimony which under no circumstances would be admissible in evidence. The urge to present these arguments in open court before the jury, unless tightly controlled by the trial judge, is apparently irresistible.

7. While the court did not give a limiting instruction at the time of final charge, he did so at the time the testimony was offered. Moreover, appellant did not submit a written request for such instruction or otherwise comply with the requirements of Fed.R. Crim.P. 30. *See* United States v. DeLaMotte, 434 F.2d 289, 294 (2d Cir. 1970).