UNITED STATES of America, Appellee,

v.

Royce Lee BLEDSOE, Appellant.

No. 75–1760.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 16, 1976.
Decided Feb. 24, 1976.

ROSS, Circuit Judge.

Royce Lee Bledsoe appeals his conviction of knowingly signing a false statement in connection with the acquisition of a firearm under 18 U.S.C. § 922(a)(6). The case was submitted to a jury which returned a guilty verdict. We find that Bledsoe was denied his right to a fair trial by prejudicial error in the admission of evidence and in the prosecutor's final argument. Accordingly, we reverse.

In November, 1973, defendant Bledsoe, a convicted felon, purchased a revolver from Block's Pawn Shop in Little Rock, Arkansas. At the time of the purchase, Bessie Block, the owner of the pawn shop, asked Bledsoe the following question:

> Have you been convicted in any court of a crime punishable by imprisonment for a term exceeding one year? (Note: The actual sentence given by the judge does not matter—a yes answer is necessary if the judge could have given a sentence of more than one year.)

Bledsoe responded to the question by saying no and his response was recorded by Mrs. Block as required by federal law on Government Form 4473.

The prosecution's evidence consisted solely of the testimony of Mrs. Block and one Charles Haas. Mrs. Block testified that she sold the gun to defendant only after asking him the required questions provided on Form 4473. She stated that Bledsoe looked at the form before he signed it. Mrs. Block testified that she believed that Bledsoe understood the form which he signed. Charles Haas, an investigator for the Bureau of Alcohol, Tobacco and Firearms, was called by the prosecution to establish that the defendant was a convicted felon.

Bledsoe did not take the stand at trial. His defense was that he did not understand the question which was asked of him by Mrs. Block, and thus did not "knowingly make a false statement" for purposes of § 922(a)(6).[1] The defense offered the testi-

Thomas A. Glaze, Little Rock, Ark., for appellant.

Gene O'Daniel, Asst. U. S. Atty., and W. H. Dillahunty, U. S. Atty., Little Rock, Ark., for appellee.

Before HEANEY, ROSS and WEBSTER, Circuit Judges.

---

1. In order to establish an offense under § 922(a)(6), the prosecution was required to prove " * * * that appellant knowingly made a false statement, see Cody v. United

mony of Jack Rogers, a clinical psychologist, who stated that Bledsoe's IQ was approximately 75. Rogers related that Bledsoe's reading skill was comparable to that of a second grader, and his overall comprehension was comparable to that of a fourth grader. In his opinion, Bledsoe was unable to comprehend the questions asked of him by Mrs. Block.[2] Rogers' clinical testimony was essentially uncontroverted at trial.[3]

Bledsoe's primary attack on his conviction focuses on certain evidence contained in government's Exhibit 2 which was admitted at trial over defendant's objection. The exhibit was received in evidence and later given to the jury during its deliberations for review. The government's purpose in introducing the exhibit was to establish that Bledsoe was a convicted felon.

Exhibit 2 contained a multipage criminal transcript which showed that Bledsoe had been convicted of two felonies, grand larceny in February, 1961, for which he received a one year sentence, and burglary in July, 1963, for which he received a six year sentence. The transcript also showed that in October, 1961, Bledsoe was arrested and charged for burglary and grand larceny. The disposition of this charge, the transcript showed, was that Bledsoe's parole was revoked and he was held in a state hospital for a mental examination.

Exhibit 2 also contained Bledsoe's personal history sheet at the Arkansas State Penitentiary. This record contained information that Bledsoe stole a purse in 1960 for which he received probation. The sheet contained no indication as to whether Bled-

soe was charged with a felony or misdemeanor in this instance. The personal history sheet also recorded the details of the 1963 crime. Certain personal information of Bledsoe was contained in the record, including the fact that he smoked, drank and was born out of wedlock. In addition, the sheet contained Bledsoe's fingerprints. A separate sheet which showed four mugshots of the defendant was also attached to Exhibit 2 and submitted to the jury.

Defendant also argues that certain remarks made by government counsel during closing argument were unsubstantiated by the evidence and prejudicial. During closing argument, government counsel told the jury that convicted felons have parole officers who tell their parolees to stay away from guns. No evidence was presented during trial that defendant had a parole officer or that he was ever told by anyone to stay away from guns. Defendant argues that the prosecution's comment improperly insinuated that Bledsoe possessed prior knowledge of federal firearm laws which made it unlikely that he misunderstood the question asked by Mrs. Block.

## I. The Admission of Exhibit 2.

 It is settled that evidence of other criminal conduct is generally inadmissible unless such evidence is relevant to prove (1) motive, (2) intent, (3) the absence of mistake or accident, (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, or

---

States, 460 F.2d 34 (8th Cir., 1972), and that the statement was intended or likely to deceive the dealer." *United States v. Williams,* 464 F.2d 927, 931 (8th Cir. 1972).

**2.** Rogers stated:

I would be most surprised if he would really understand the intent of the questions as they are put here. The vocabulary I think is beyond his knowledge, unless he just happens to have some special vocabulary in certain areas—but, I would doubt it. The sentence structure is sufficiently complex that when I looked at it, I read it twice to make sure that I understood what was meant by it. I think the whole thing, really, is far beyond

his ability to really understand. He might get the gist of it. I don't think he could really understand the intent or the real meaning of these separate questions.

**3.** Mrs. Block testified that, in her opinion, Bledsoe understood the meaning of the question. An attempt was made to impeach her testimony later at trial, however. Ralph Hamner, an associate of defendant's attorney, testified that prior to trial he had visited Mrs. Block concerning the sale of the gun. At that time, according to Hamner, Mrs. Block stated that "knowing Royce Lee from past encounters—I just don't believe he understood what was read, * *."

(5) identity of the person charged with the commission of the crime on trial. Fed.R. Evid. 404(b); *United States v. Conley*, 523 F.2d 650, 653 (8th Cir. 1975); *United States v. Cochran*, 475 F.2d 1080, 1082 (8th Cir.), *cert. denied*, 414 U.S. 833, 94 S.Ct. 173, 38 L.Ed.2d 68 (1973). Evidence of other crimes or criminal activity may be admitted only if " * * * (1) an issue on which other crime evidence may be received is raised; (2) * * * the proffered evidence is relevant to that issue; (3) * * * the evidence is clear and convincing; and (4) * * * the probative worth outweighs the probable prejudicial impact." *United States v. Conley, supra,* 523 F.2d at 653–54. We have also held that "[t]o be used for this purpose, the criminal conduct must involve an offense similar in kind and reasonably close in time to the charge at trial." *United States v. Clemons,* 503 F.2d 486, 489 (8th Cir. 1974). It is true that a great deal of discretion is given to the trial judge in such cases. Reversal is generally commanded only where the questioned evidence has no bearing on any of the issues involved. *United States v. Marchildon,* 519 F.2d 337, 346 (8th Cir. 1975); *United States v. Gocke,* 507 F.2d 820, 824 (8th Cir. 1974), *cert. denied,* 420 U.S. 979, 95 S.Ct. 1407, 43 L.Ed.2d 660 (1975). However, this rule has never been used to justify the admission of evidence which is wholly irrelevant to all issues at trial and exceedingly remote in time.

■ While the government was bound to prove that Bledsoe was a convicted felon, the admission of the matter relating to prior criminal misconduct contained in Exhibit 2, excepting the 1963 conviction,[4] was an abuse of discretion. We fail to see any probative value in the other material contained in Exhibit 2. The 1960 conviction and the second 1961 conviction were ex-

ceedingly remote in time. It cannot be seriously argued that the defendant's conduct which resulted in those convictions was relevant to any element of the crime charged. The details of the 1963 crime recited in defendant's personal history sheet were not relevant to any element of the government's case. The mugshots and fingerprints were clearly irrelevant since the defendant raised no question as to mistaken identity at trial.

We cannot assume, as the government argues, that the members of the jury did not review this evidence during their relatively short deliberations. This argument borders on the ridiculous. The potential prejudice flowing from this evidence was enhanced because the issue of knowledge was extremely close. The evidence of prior criminal activity told the jury in effect that the defendant was a bad man. As Judge Sanborn stated in *Paris v. United States,* 260 F. 529, 531 (8th Cir. 1919):

> Such evidence tends to draw the attention of the jury away from a consideration of the real issues on trial, to fasten it upon other questions, and to lead them unconsciously to render their verdicts in accordance with their views on false issues rather than on the true issues on trial.

*Accord, United States v. Clemons, supra,* 503 F.2d at 489 & n. 3; *United States v. Crawford,* 438 F.2d 441, 446 (8th Cir. 1971).

This is not a case where the admitted evidence was "part and parcel" of the crime charged. *Compare United States v. Marchildon, supra,* 519 F.2d at 346; *United States v. Howard,* 504 F.2d 1281, 1284 (8th Cir. 1974). Nor is this a case where the evidence was offered to prove intent, knowledge, opportunity or the existence of a common plan or scheme. *Compare Unit-*

---

4. The 1963 conviction was of course admissible to prove that defendant was a convicted felon. The government argues that under our recent decision in *United States v. Smith,* 520 F.2d 544, 548 (8th Cir. 1975), admission of the February 1961 felony conviction was justified. We think the government reads the *Smith* case too broadly. It is true that in *Smith* we held that, under certain circumstances, a plurality of con-

victions may be admitted to prove the felon status of a defendant. However, we were careful to note that other circumstances might require the exclusion of such evidence where its prejudicial impact outweighs the probative value. *Id.* Because of our disposition of this case for other reasons, we do not reach that question here.

*ed States v. Thompson,* 503 F.2d 1096, 1099 (8th Cir. 1974). The evidence of prior criminal activity contained in Exhibit 2 was unrelated to the crime charged in the indictment except to prove that Bledsoe was a convicted felon.

 The admission of certain bad character evidence contained in Exhibit 2 compounded this error. That defendant smoked, drank and was born out of wedlock has no bearing on whether he committed the firearms violation for which he was charged. Unless a defendant places his general character in issue, such evidence is inadmissible. *See* Fed.R.Evid. 404(a); *Michelson v. United States,* 335 U.S. 469, 475–76, 69 S.Ct. 213, 93 L.Ed. 168 (1948); *United States v. Parker,* 491 F.2d 517, 523 (8th Cir. 1973), *cert. denied,* 416 U.S. 989, 94 S.Ct. 2396, 40 L.Ed.2d 767 (1974). Defendant did not take the stand at trial and did not put his character in issue.

## II. Prejudicial Closing Argument.

 In his closing argument to the jury, government counsel stated:

> * * * [B]elieve me when some convicted felon goes in to buy a gun, he understands what that lady is reading to him. Because a convicted felon has to have a parole officer. He has to have somebody to watch out for him. And, they are warned to stay away from guns.

Defendant argues that he was prejudiced by this comment because no evidence was presented during trial that defendant had a parole officer or that he was ever told by anyone to stay away from guns. We agree.

Closing argument of counsel is limited to the facts in evidence and reasonable inferences flowing therefrom. *United States v. Martinez,* 514 F.2d 334, 343 (9th Cir. 1975); *United States v. Latimer,* 511 F.2d 498, 503 (10th Cir. 1975); *United States v. Fearns,* 501 F.2d 486, 489 (7th Cir. 1974); *United States v. LeFevre,* 483 F.2d 477, 479 (3d Cir. 1973). The naked assertion by government counsel was unsupported by the evidence.

The obvious purpose of the comment was to bolster Mrs. Block's testimony that defendant understood the import of the question asked of him by her. We reiterate that the question of defendant's knowledge was a close one. Under the circumstances, we cannot say beyond a reasonable doubt that the comment was not prejudicial.

## III. Cumulative Error.

We are convinced that defendant Bledsoe, under all of the aforementioned circumstances, did not receive a fair trial on the merits. The evidence of prior criminal activity admitted at trial was, with the exception of the 1963 felony conviction, and possibly the 1961 felony conviction, irrelevant and unnecessary. The bad character evidence was likewise irrelevant and inadmissible. The government's closing argument compounded the resulting prejudice.

The evidence of guilt was not overwhelming. Under these circumstances the cumulative effect of these errors cannot be considered harmless and could easily have been the difference between conviction and acquittal.

Accordingly, we reverse the conviction and remand for further proceedings not inconsistent with the views expressed in this opinion.