UNITED STATES of America, Appellee,

v.

Arthur BYRD, Appellant.

No. 82–2369.

United States Court of Appeals,
Eighth Circuit.

Submitted April 13, 1983.

Decided April 27, 1983.

Gene O'Daniel, Little Rock, Ark., for appellant.

George W. Proctor, U.S. Atty., by Terry L. Derden, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before BRIGHT and FAGG, Circuit Judges, and JONES,* District Judge.

PER CURIAM.

Arthur Byrd appeals from his convictions for the knowing distribution of Talwin and for conspiracy to possess with intent to distribute Talwin under 21 U.S.C. §§ 841 and 846. Byrd argues that the Government presented insufficient evidence to support his convictions and that the prosecutor made an improper comment on the evidence. We affirm the convictions.

The indictment against Byrd alleged that he engaged in a conspiracy to possess and distribute Talwin from January 1 to June 3, 1981. At Byrd's trial on October 7–8, 1982, the Government presented evidence to show both how Byrd obtained the Talwin and how he distributed it. James Douglas, a pharmacist from Pine Bluff, Arkansas, admitted to selling Talwin to Byrd without a prescription four to five times per month in quantities of 12 to 300 tablets. According to Douglas, the sales continued over a six-month period, and Byrd received an average of 1,000 tablets per month. Douglas also admitted that an audit of June, 1981 disclosed that he was short some 26,000 Talwin tablets. In addition, the Government produced phone records showing that Byrd telephoned Douglas's Pine Bluff pharmacy 59 times between January 1 and June 3, 1981. With respect to distribution, three witnesses testified that they made purchas-

* JOHN BAILEY JONES, United States District Judge for the District of South Dakota, sitting    by designation.

es of Talwin from Byrd. One of the three, Tyreice Jones, was a police informer who made a controlled buy of Talwin from Byrd under the supervision of Officer Mike Lowery. Byrd testified on his own behalf and admitted that he obtained Talwin without a prescription, but denied selling drugs. Instead he claimed that he intended to give it all to his wife.

 On appeal, Byrd argues that the Government presented insufficient evidence from which the jury could find that he conspired with Douglas. In particular, Byrd points to Douglas's testimony that he did not agree to sell Talwin to Byrd. Byrd contends that the evidence simply shows unlawful dispensation of Talwin, and not a conspiracy to distribute. After reviewing the record, and considering the evidence in the light most favorable to the jury's verdict, we conclude that the Government presented sufficient evidence to support Byrd's conspiracy conviction. Douglas admitted to making repeated illegal sales of Talwin to Byrd, and the Government audit showed Douglas to be short 26,000 Talwin tablets. Douglas also said that he sold Pyrabenzamine to Byrd in conjunction with the Talwin tablets (Talwin alone is an analgesic, but when Talwin and Pyrabenzamine are combined, they can produce a narcotic effect). In addition, phone records suggested frequent communication between Byrd and Douglas's pharmacy. In view of the frequency of the transactions and the amounts of Talwin involved, the jury could reasonably infer a conspiracy between Douglas and Byrd. *See United States v. Rojas,* 537 F.2d 216, 221 (5th Cir.1976), *cert. denied,* 429 U.S. 1061, 97 S.Ct. 785, 50 L.Ed.2d 777 (1977).

We also reject Byrd's contention that the evidence of Byrd's knowing distribution of Talwin was insufficient. The question of Jones's credibility was for the jury to decide, and the district court properly admitted the testimony of the two other witnesses who claimed to have purchased Talwin from Byrd as relevant to both the distribution and the conspiracy charges.

Byrd finally contends that the prosecutor improperly commented on the evidence in his closing argument when he remarked "Frankly, I think that there are a lot more pills than this 2,500 ...." This did not amount to an improper comment on the evidence, *United States v. Ojala,* 544 F.2d 940, 946 (8th Cir.1976), or an improper reference to facts not in evidence, *United States v. Bledsoe,* 531 F.2d 888, 892 (8th Cir.1976). The evidence disclosed that as many as 26,000 Talwin tablets were missing. Considering the wealth of other evidence linking Douglas and Byrd in the sale of Talwin, the prosecutor's remark cannot be deemed out of bounds.

Accordingly, we affirm the convictions.