**UNITED STATES of America, Appellee,**

v.

**John L. MONDAINE, Jr., Appellant.**

**No. 73–1112.**

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1973.

Decided July 20, 1973.

Rehearing Denied Aug. 16, 1973.

**618**

———◆———

Robert G. Duncan, Duncan & Russell, Kansas City, Mo., for appellant.

Anthony Nugent, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before GIBSON, LAY and ROSS, Circuit Judges.

PER CURIAM.

John L. Mondaine, Jr., was originally indicted and tried under 21 U.S.C. § 841(a)(1) for the distribution of 14.1 grams of heroin; however, the jury returned a verdict for the lesser included offense of possession of heroin. Mondaine appeals from the judgment entered on the verdict.

Defendant's sole ground for appeal is that the evidence was insufficient as a matter of law to convict. The only evidence verifying the defendant's presence at the time of the illegal transaction came from one LaFoy Thomas, a government informant. In rebuttal, Mondaine offered three alibi witnesses. The defense urges that the informant's testimony was not worthy of belief, and therefore the case should be dismissed for lack of substantial evidence. We disagree.

As long as the defendant was identified as the person present and in possession of the controlled substance, notwithstanding legitimate questions of credibility and the defendant's alibi evidence, this court must still leave the determination as to truthfulness for the jury. As we stated in United States v. May, 419 F.2d 553, 554–555 (8 Cir. 1969):

> "Appellate judges are too far removed in position to fairly perceive from a cold record the vagaries of the human personality involved in a witness' synthesis of telling the 'truth.' The jury is the ultimate and only judge of the factual basis of a defendant's guilt. The defendants claim here, as they did in their jury argument that the government's case was based upon a 'morass of incredibility.' When they lost this argument to the jury, they foreclosed their only chance of success on that issue. A reviewing court may only direct a motion for acquittal on the sufficiency of the evidence when (1) it may be said as a matter of law that there exists no evidence of guilt whatsoever upon the record or (2) where there exists no substantial evidence from which reasonable men may say that the defendant is guilty beyond a reasonable doubt."

Here, Thomas clearly identified the defendant as the person who handed him the controlled substance. Other agents, who prior to the alleged sale had searched Thomas, verified the informant's newly acquired possession of heroin upon returning from Mondaine's car. Although the jury did not accept the full truthfulness of the informant's story—the defendant was convicted under the lesser included offense instruction which he personally requested—the guilty verdict demonstrates that the jury also refused to believe defendant's alibi witnesses. There is, of course, no inconsistency of the verdict since the elements required to prove an illegal sale are greater than those required under a charge of mere possession. Furthermore, even if the jury compromised its verdict, such a finding was inherently within its power.

Judgment affirmed.