**UNITED STATES of America, Appellee,**

v.

**Roland Francis POITRA, Appellant.**

**No. 73–1388.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 19, 1973.

Decided Nov. 1, 1973.

Leo Broden, Devils Lake, N. D., for appellant.

Gary Annear, Asst. U. S. Atty., Fargo, N. D., for appellee.

Before LAY, BRIGHT and WEBSTER, Circuit Judges.

PER CURIAM.

Defendant Roland Francis Poitra, an Indian, was found guilty of taking $269.00 by force and violence from the person of Wilmer Charles St. Claire, an Indian. The alleged crime took place in Indian country, in the District of North Dakota. These acts were in violation of 18 U.S.C. § 1153 and § 2111.

Defendant complains of the following errors: (a) insufficiency of the evidence; (b) the refusal of the trial court to enjoin the prosecution from inquiring into the defendant's past criminal record which, it is claimed, deterred the defendant from taking the stand; (c) the admission of hearsay testimony; (d) the erroneous admission of photographs; and (e) the restriction of proof as to the complaining witness's motive in both cross-examination of the witness and rebuttal testimony of a witness who overheard a conversation of the complainant, St. Claire.

We have reviewed the entire record and find substantial evidence from which reasonable minds could conclude that the defendant was the assailant and stole the money. Credibility questions belong to the trier of fact.

Defendant has objected to the testimony of the witness, Roy Joe Belgarde, as to a conversation Belgarde had with the complaining witness, St. Claire, shortly after the assault. Belgarde testified as to what St. Claire excitedly related to him concerning the incident which had just occurred with the defendant Poitra. The conversation took place outside the presence of the defendant. We find this evidence admissible. The statement was made almost immediately after the event and was uttered in the stress of excitement. Under such circumstances, it is admissible as an exception to the hearsay rule. Cf. United States v. Fountain, 449 F.2d 629 (8th Cir. 1971), cert. denied, 405 U.S. 929, 92 S.Ct. 981, 30 L.Ed.2d 802 (1972). We have likewise reviewed the other evidentiary issues and find no prejudicial rulings here. Such questions rest within the discretion of the trial judge. There is no showing here of an abuse of that discretion.

Defendant's complaint as to the trial court's refusal to instruct the government not to use evidence of the defendant's prior convictions for impeachment purposes if the defendant took the stand is also without merit. This court has previously passed on this issue and has rejected the claim. See United States v. Scarpellino, 431 F.2d 475 (8th Cir. 1970).

Judgment affirmed.