**UNITED STATES of America,
Appellee,**

v.

**Vernon Kenneth RUCKER, Appellant.**

**No. 74–1082.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 15, 1974.

Decided June 4, 1974.

R. Thomas Day, Kansas City, Mo., for appellant.

Anthony P. Nugent, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, BRIGHT, Circuit Judge,

and TALBOT SMITH, Senior District Judge.[*]

VAN OOSTERHOUT, Senior Circuit Judge.

Defendant Rucker has taken a timely appeal from his conviction by a jury on an indictment charging alleged distribution of narcotics in violation of 21 U.S. C. § 841(a)(1) and the resulting sentence. Defendant on this appeal does not attack the sufficiency of the evidence to support his conviction. Our examination of the record satisfies us that the conviction is supported by substantial evidence.

The errors relied upon for reversal are:

I. Refusal of the trial court to dismiss the indictment upon the ground that the delay in returning the indictment and arresting the defendant after the indictment deprived defendant of his Fifth Amendment right to due process and his Sixth Amendment right to a speedy trial.

II. Denial of defendant's motion to prohibit the Government from showing defendant's prior convictions for impeachment purposes in event defendant took the witness stand.

III. Refusal to submit to the jury a requested lesser-included offense instruction.

We reject such contentions and affirm for the reasons hereinafter stated.

### I.

A brief chronology of the evidence is necessary background for the discussion of the failure to dismiss for want of speedy trial issue. An indictment was returned on February 8, 1973, charging defendant distributed narcotics on August 8, 1972, in violation of 21 U.S.C. § 841(a)(1). Defendant was arrested on June 4, 1973. On June 11, 1973, superseding indictment charging the same offense was filed for the purpose of charging defendant under his true name rather than under the erroneous name set out in the original indictment. An omnibus pretrial hearing was held before the magistrate on June 12. Defendant was arraigned and entered a plea of not guilty on July 12. Defendant's trial commenced on October 1, 1973.

Defendant urges that the combination of the six-month indictment delay and the four-month interval between the indictment and arrest have deprived defendant of the Fifth Amendment due process rights and his Sixth Amendment right to a speedy trial.

With respect to the pre-indictment delay, United States v. Marion, 404 U.S. 307, 313, 92 S.Ct. 455, 459, 30 L.Ed.2d 468 (1971), holds that the Sixth Amendment trial provision "is activated only when a criminal prosecution has begun. . . ." The Supreme Court recognized that if pretrial delay had caused substantial prejudice to any accused's right to a fair trial and the delay was an intentional device by the Government to gain a tactical advantage over an accused, a due process violation could be established. The Court held under the facts before it no prejudice was alleged or proved and that no showing was made that the Government intentionally delayed the indictment to gain a tactical advantage. *See also* United States v. Andreas, 458 F.2d 491, 492 (8th Cir. 1972).

■ Defendant's claims of prejudice in the present case, which are conclusory and highly speculative, are not established. There is no evidence that the Government delayed the indictment to gain a tactical advantage. It is defendant's contention that if the trial had been held at an earlier date the doorman at the Boys' Club would have been able to identify him and testify as to his activities at the Club. After the defendant had arranged to sell the narcotics to the Government agent, he was driven to the Boys' Club at defendant's direction. De-

[*] TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

fendant and a Government informer went into the Boys' Club and upon their return, defendant delivered the narcotics to the agent and received payment therefor. The doorman had no previous acquaintance with the defendant and it is unlikely that at an earlier date he would have been able to recognize the defendant and account for his activities at the Club. In any event, what happened at the Club has no bearing on the issue of defendant's guilt as the Government's case is predicated upon the agent's testimony that the defendant delivered the narcotics to the Government agent and received payment therefor.

■ With respect to the four-month delay between the indictment and the arrest, it would appear that the failure to make an early arrest was due to oversight and inadvertence. There is nothing in the record to indicate that the delay was for the purpose of obtaining some advantage over the defendant or that any advantage was gained by the Government by the delay. In United States v. Weber, 479 F.2d 331, 332 (8th Cir. 1973), we followed the balancing test set out in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 and stated:

> In Barker v. Wingo, 407 U.S. 514, 525, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1971), the Supreme Court, in an exhaustive review of the speedy trial issue, adopted a balancing test which requires consideration of four factors: (1) the length of delay, (2) the reason for delay, (3) defendant's assertion of his right to a speedy trial, (4) the prejudice to the defendant.

In our present case, defendant was promptly released on bail. When the balance test above set out is applied to the facts in this case, we are satisfied that the court committed no error in determining that the delay in trial was not unreasonable and that no substantial prejudice was caused defendant by reason of the delay. The total time elapsed between the original indictment and the trial was less than eight months and the time between the defendant's arrest and trial was less than four months.

## II.

■ The trial court did not err or abuse its discretion in denying defendant's pretrial motion for an order requiring the Government to avoid using defendant's prior convictions for impeachment purposes in event that defendant was produced as a witness. Defendant had previous convictions in 1953 and 1956 for narcotic offenses. As a result of the ruling, defendant after his legal rights were fully explained to him, refused to become a witness.

■ This court has consistently held that a defendant who offers himself as a witness may be cross-examined with respect to prior convictions. United States v. Poitra, 486 F.2d 46, 47 (8th Cir. 1973); United States v. Merrill, 484 F.2d 168, 171 (8th Cir. 1973); United States v. Scarpellino, 431 F.2d 475, 478 (8th Cir. 1970).

## III.

Lastly, defendant contends the court erred in failing to submit his requested instruction submitting the lesser-included offense of possession of a controlled substance in violation of 21 U.S.C. § 844(a). Defendant relies upon United States v. Mondaine, 481 F.2d 617 (8th Cir. 1973). In *Mondaine*, the requested lesser-included offense instruction was given at defendant's request. The defendant was convicted of the included offense. We affirmed the conviction. The issue of the propriety of giving the lesser-included offense instruction was not raised or considered by the court.

In Sansone v. United States, 380 U.S. 343, 350, 85 S.Ct. 1004, 1009, 13 L.Ed.2d 882 (1965), the court holds:

> A lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense. Berra v.

United States, supra [351 U.S. 131, 76 S.Ct. 685, 100 L.Ed. 1013]; Sparf v. United States, supra [156 U.S. 51] at 63–64 [15 S.Ct. 273, 39 L.Ed. 343]. *See* United States v. Harary, 457 F.2d 471 (2d Cir. 1972); United States v. Sinclair, 144 U.S.App.D.C. 13, 444 F.2d 888, 891 (1971).

In our present case, the Government agent testified he negotiated with the defendant for the purchase of narcotics, that he received the same from the defendant and that he paid the defendant therefor. No evidence was offered to dispute such testimony. Under the evidence in this case, no rational basis exists for acquitting the defendant of the offense charged and convicting him of the lesser offense of possession. As was the situation in *Sansone,* there are no disputed facts with respect to any element required for conviction of the greater offense charged but not required for the conviction of the lesser offense.

The judgment is affirmed.