**UNITED STATES of America,**
**Appellee,**

v.

**Steven A. KLUGMAN, Appellant.**
**No. 74–1529.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 18, 1974.

Decided Nov. 20, 1974.

Peter J. Thompson, Minneapolis, Minn., for appellant.

Joseph T. Walbran, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, BRIGHT and ROSS, Circuit Judges.

ROSS, Circuit Judge.

Steven Klugman was convicted of both counts of a two-count indictment charging him with distributing heroin, in violation of 21 U.S.C. § 841, and unlawfully carrying a firearm during the commission of a felony, in violation of 18 U.S. C. § 924(c)(2). From the judgment of conviction, Klugman appeals. For the reasons hereinafter set forth, we affirm.

In procuring these convictions, the government obtained the cooperation of Bernie Hartman, a paraplegic friend of Klugman's co-defendant, Thomas G. Carroll. Hartman was apparently motivated by a desire to terminate Carroll's addiction and secure treatment for him. On February 7, 1974, Carroll and Klugman were persuaded by Hartman to obtain heroin for Hartman's "sick friend." The sale was effectuated at Hartman's Minneapolis apartment. Also present at the transaction was a government agent concealed behind a louvered door in Hartman's closet. During the sale Klugman was carrying a semiautomatic pistol which he displayed to Hartman. Neither defendant was arrested at the sale. Later that evening an undercover agent arranged another transaction for a larger quantity the following day. Although this transaction was aborted the next day, Klugman and Carroll were stopped shortly thereafter in Klugman's automobile for the execution of a preexisting local bench warrant for Carroll's failure to appear in state court on an open bottle possession charge. The firearm, displayed the previous day, was discovered in the glove compartment of the automobile during the search following Carroll's arrest. Upon the discovery of the pistol, Klugman was arrested.

On appeal, Klugman urges four grounds for reversal: first, that he was

**1380**

deprived of an appropriate lesser included offense instruction; second, that the evidence seized incidental to an allegedly sham arrest should have been suppressed; third, that the court failed to render a timely cautionary instruction relating to improper and allegedly prejudicial remarks by the prosecutor; and fourth, that 18 U.S.C. § 924(c)(2) is unconstitutionally vague and overbroad.

*Lesser Included Offense Instruction.*

Klugman was charged with knowingly, intentionally and unlawfully *distributing* one gram of heroin in violation of 21 U.S.C. § 841(a). At trial Klugman testified he was a heroin addict and to support his habit in the past, he had acted as a middleman in narcotics transfers in exchange for which he would receive one hit, a $10 supply, of heroin. Apart from that complicity and other transfers where he purchased narcotics for his personal use, Klugman testified that he had never participated in other distributions and that he only participated in this distribution after repeated entreaties of his friend, Hartman, the informant. He thus claimed he was entrapped by Hartman and his distribution of the narcotics was neither knowing nor intentional. An entrapment instruction was given to the jury. However, Klugman maintains that he was also entitled to a lesser included offense instruction on the grounds that if his intent to distribute did not exist, he was only guilty of simple possession of narcotics, in violation of 21 U.S.C. § 844(a). Because an element distinguishing the two crimes, wilfulness to distribute, was brought into dispute by his entrapment defense, he argues that he was entitled to an instruction on the lesser crime of possession. This argument, however, is not persuasive.

In United States v. Mondaine, 481 F.2d 617, 618 (8th Cir. 1973), Klugman contends, this Court implicitly recognized that possession of narcotics is a lesser included offense within 21 U.S.C. § 841(a), distribution. We have once

previously noted that *Mondaine* did not address the propriety of the lesser included offense instruction and thus is not dispositive of the question. United States v. Rucker, 496 F.2d 1241, 1243 (8th Cir. 1974).

In general, a lesser included offense is proper where:

> the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense.

Sansone v. United States, 380 U.S. 343, 350, 85 S.Ct. 1004, 1009, 13 L.Ed.2d 882 (1965). Wilfulness to distribute, here, is disputed and is required for conviction under section 841(a) distribution and not under section 844(a) possession. But the facts of this case bring it squarely within one of the traditional variants of lesser included offense situations: where the lesser offense is presumptively necessarily included within the offense charged in the indictment yet, from the evidence adduced at the trial there is no rational basis upon which the jury could find the defendant guilty of the lesser offense. *See* 8 J. Moore, Moore's Federal Practice ¶ 31.-03[2] at 31–12 (1974). Our rule on entitlement to a lesser included offense instruction embodies that principle. In this circuit to be entitled to a lesser included instruction, it must appear that:

> (1) a proper request is made; (2) the elements of the lesser offense are identical to part of the elements of the greater offense; (3) there is some evidence which would justify conviction of the lesser offense; (4) the proof of the element or elements differentiating the two crimes is sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense; and (5) there is mutuality . . . .

United States v. Thompson, 492 F.2d 359, 362 (8th Cir. 1974). (Emphasis omitted.)

■ Here, for the jury to convict of the lesser offense, possession, it would have to ignore the undisputed evidence of actual distribution. In this respect the facts are similar to those in Sparf v. United States, 156 U.S. 51, 63–64, 15 S. Ct. 273, 39 L.Ed. 343 (1895). *See also* United States v. Rucker, *supra,* 496 F.2d at 1244; United States v. Whitaker, 144 U.S.App.D.C. 344, 447 F.2d 314, 317 n. 8 (1971); Driscoll v. United States, 356 F.2d 324, 327 (1st Cir. 1966). The only disputed element here which Klugman maintains entitled him to the lesser instruction was "wilfulness" under 21 U. S.C. § 841(a). Since 21 U.S.C. § 844(a) also requires that possession be knowing or intentional and since the facts of this case tending to show knowledge and intent are the same as to both possession and distribution,

> it follows that a conviction of the misdemeanor [here § 844(a)] would clearly support a conviction for the felony [here § 841(a)]. Under these circumstances a lesser-included-offense instruction was not required or proper, for in the federal system it is not the function of the jury to set the penalty. Berra v. United States, 351 U.S. [131], [at] 134–135, 76 S.Ct. [685], [at 687,] 100 L.Ed. 1013 [1956].

United States v. Bishop, 412 U.S. 346, 361, 93 S.Ct. 2008, 2018, 36 L.Ed.2d 941 (1973). (Footnote omitted.)

*Search.*

■ Prior to February 8, 1974, a local bench warrant had been issued for Carroll's arrest for failure to appear in state court on an open bottle possession charge. When the anticipated second heroin transaction collapsed, two officers sought to execute that arrest warrant. Upon stopping Klugman's car, the two occupants fell to the floor of Klugman's vehicle. Several police officers assisted in the arrest. Knowing Klugman and Carroll to have been armed, they removed Carroll from the car and simultaneously undertook a protective frisk and search of areas within the immediate reach of the arrestee. The firearm displayed the previous day was discovered in the glove compartment of the vehicle. Under the circumstances, the search was reasonable as police had probable cause to believe the car contained instruments of a crime. *See* Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Orricer v. Erickson, 471 F.2d 1204 (8th Cir. 1973). See also Chimel v. California, 395 U.S. 752, 762–763, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).

*Prosecutor Argument.*

During his closing argument the Assistant United States Attorney sought to bolster Hartman's motives for cooperation with the government. After reiterating Hartman's desire to secure treatment for his friend's addiction, the prosecutor said:

> That is thinking more like a social worker or clergyman rather than like a criminal defense attorney whose job it is to get a man off, so he is not convicted and worry about his soul later. That is a lawyer's job. But I might say that Mr. Hartman has almost a purer motive. He really wanted to save this fellow and couldn't see another way to do it.

At the close of all the final arguments and after the jury had been dismissed for the day, but before the commencement of jury deliberations, Klugman moved for a mistrial based upon improper prosecutor statements. The motion and the request for cautionary instructions was denied. However, after the delivery of the court's instructions to the jury, the court added, "Argument of counsel is not evidence."

■ "Counsel for the accused is an essential component of the administration of criminal justice." ABA Project on Standards for Criminal Justice, Standards Relating To The Defense Function § 1.1(a) (Approved Draft, 1971). The prosecutor's comments were not at all proper in this light. To buttress the strength of the government's

case by denigrating the role of the accused's counsel cannot be tolerated and was clearly error in this case.

"[T]he effect of [this] error must be gauged," however, "in the context of the entire trial, and not in isolation. . . . [We must] resolve whether there were errors of such magnitude in the trial as to effect [sic] substantial rights . . . ." United States v. Phillips, 482 F.2d 191, 196 (8th Cir.), cert. denied, 414 U.S. 1114, 94 S.Ct. 846, 38 L.Ed.2d 741 (1973). After assessing the entire record, we are left with the impression that the error was not prejudicial. No immediate objection was made and no prompt curative instruction on the part of the district court was rendered. However, the court concluded that the context in which the statement was made was not odious and a curative instruction was ultimately delivered. The ameliorative conduct on the part of the district court coupled with the otherwise strong evidence of Klugman's guilt cause us to conclude that the error was not so offensive and prejudicial on this record as to deny the accused a fair trial by preventing the jury from exercising freedom of judgment and thought in its deliberations. *See also* United States v. Chrisco, 493 F.2d 232, 237–238 (8th Cir. 1974); Birnbaum v. United States, 356 F.2d 856, 868 (8th Cir. 1966); Homan v. United States, 279 F.2d 767, 776 (8th Cir.), cert. denied, 364 U.S. 866, 81 S.Ct. 110, 5 L.Ed.2d 88 (1960).

*Vagueness.*

■ Finally Klugman maintains that 18 U.S.C. § 924(c) is unconstitutionally vague and overboard. We decline to consider this contention because even assuming that Klugman's conviction under 18 U.S.C. § 924(c) was improper, reversal with respect to this issue is not required. Klugman's sentences under each count were concurrent. Thus his conviction under Count I supports the sentence and judgment under the concurrent sentence doctrine. United States v. Simone, 495 F.2d 752, 753–754 (8th Cir. 1974); United States v. Irby, 480 F.2d 1101, 1102 (8th Cir. 1973); Kilcrease v. United States, 457 F.2d 1328, 1331 (8th Cir. 1972). *See also* Benton v. Maryland, 395 U.S. 784, 789–790, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

For the reasons hereinbefore expressed, the judgment of conviction is affirmed.