**UNITED STATES of America,**
**Appellee,**

v.

**Cecil Edward PUGH, Appellant.**

**No. 74–1615.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 11, 1974.

Decided Jan. 29, 1975.

William H. Craig, Little Rock, Ark., for appellant.

O. H. Storey, III, Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before ROSS and STEPHENSON, Circuit Judges, and SCHATZ, District Judge.*

SCHATZ, District Judge.

Cecil Edward Pugh was charged with two counts of making a false statement in connection with a loan application, in violation of 18 U.S.C. § 1010. Upon trial to a jury, a verdict of not guilty was returned as to Count I and a verdict of guilty was returned as to Count II. On appeal Pugh argues that the following errors were committed by the trial judge:

I. Denial of the defendant's pretrial motion to prevent the government from introducing defendant's prior felony conviction as impeachment evidence if the defendant testified at the trial.

II. Failure to give certain instructions requested by the defendant.

III. Denial of the defendant's motion for judgment of acquittal, or in the alternative for a new trial.

* ALBERT G. SCHATZ, United States District Judge for the District of Nebraska, sitting by designation.

IV.   Improper procedure in sentencing.

We disagree and affirm the judgment of conviction.

In April of 1972, the defendant purchased a house in Little Rock, Arkansas, for which in May of that year he submitted an application to the Metropolitan Bank of Little Rock for an F.H.A. Title I property improvement loan. In the application he stated that he planned to improve his house by adding steel siding and miscellaneous repairs, wrought iron work and an extended concrete driveway. As a result of this application, a loan was extended to the defendant in the sum of $2,600.00, the amount listed by him as the estimated cost of the improvements. During the summer of 1972 a wrought iron railing was installed on the defendant's house at a cost of approximately $255.00. In December of 1972, the defendant submitted an F.H.A. Title I property improvement loan application to the First National Bank of Little Rock, in which he listed plans: to add insulation (steel siding), to close in a carport, to add wrought iron railings and posts, and to finish the garage and concrete drive. The loan was granted in the sum of $4,650.00, the amount requested by the defendant. In March of 1973, the defendant listed his house for sale with a realty company, and in the next month the house was sold. Other than the $255.00 railing, none of the improvements listed in either loan application were made. At the time of his trial the defendant had remained current in his payments of the first loan with the Metropolitan Bank and had repaid the entire amount of the second loan to the First National Bank.

## I.

■. The defendant Pugh had two previous felony convictions. The first was in federal court at age sixteen for a violation of the Dyer Act for which he was sentenced under the Youth Corrections Act. The second was in an Alabama state court in 1963 at age twenty for second degree burglary. Prior to trial, defendant moved for an order requiring the government not to disclose evidence of either conviction to the jury if he took the stand and testified. The trial judge sustained the motion as to the Dyer Act conviction, but overruled it as to the burglary conviction. On appeal, defendant argues that the burglary conviction would have been improper impeachment evidence because of the age of the defendant at the time of this conviction and the difference between the nature of the offense and that charged in the indictment in the instant case. This Court has consistently held that prior felony convictions are admissible if a defendant wishes to testify, United States v. Rucker, 496 F.2d 1241 (8th Cir. 1974), and the factors advanced by defendant in this case are not of sufficient severity to persuade us to hold that the trial judge erred in ruling that the burglary conviction could be admitted, United States v. Scarpellino, 431 F.2d 475 (8th Cir. 1970).

## II.

■ The government's case relied heavily on circumstantial evidence. Defendant requested an instruction to the effect that in order to convict him the jury had to find that the circumstantial evidence excluded or negated every reasonable hypothesis other than guilt. This instruction was refused by the trial judge. Relying upon Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954), this Court has previously held that such an instruction is confusing and incorrect and that the better rule is to instruct on the standards of reasonable doubt, United States v. Fryer, 419 F.2d 1346 (8th Cir. 1970), cert. denied, 397 U.S. 1055, 90 S.Ct. 1399, 25 L.Ed.2d 672. The jury was properly instructed on reasonable doubt in this case and the requested instruction on circumstantial evidence was properly refused.

■ The trial judge also refused an instruction requested by defendant on intent. The important elements of this tendered instruction were contained in other instructions given by the trial

judge and the refusal of this particular instruction was not error.

## III.

 The third assignment of error is an attack upon the sufficiency of the evidence to support the verdict as to Count II. In this case the evidence shows that two home loan applications were made, that two loans were granted, but that the improvements actually made were worth far less than the value of the loans. The critical issue was whether at the time the applications were made, defendant intended to use the proceeds for home improvements. Defendant introduced evidence tending to support his defense that he did have the necessary intent at the time of the applications, and clearly a question of fact was presented to the jury. Viewing the evidence in the light most favorable to the government as we must, United States v. Madden, 482 F.2d 850 (8th Cir. 1973), cert. denied, 414 U.S. 1026, 94 S.Ct. 453, 38 L.Ed.2d 318, we find substantial evidence to support the verdict as to Count II.

## IV.

 Defendant asserts that prior to sentencing, his counsel requested and was denied the opportunity to examine the presentence report prepared for the Court by the Probation Office. The record does not disclose this request, but assuming that it was made, such a denial is not error, Hess v. United States, 496 F.2d 936 (8th Cir. 1974).[1]

 Defendant also alleges that the trial judge considered improper material in imposing sentence. The record shows that at the time of sentencing, the trial judge mentioned several prior arrests of the defendant concerning which the defendant and his counsel had the opportunity to and did comment, especially as to those arrests which did not result in convictions. There is no indication that the trial court based the sentence upon these arrests. Moreover, the trial judge specifically stated he would not inquire into a case pending against the defendant upon which no disposition had been reached. We find no error in this procedure.

Judgment affirmed.

1. We do note, however, the comment of Judge Lay in United States v. Carden, 428 F.2d 1116, 1118 (8th Cir. 1970):

We acknowledge on the other hand that the Advisory Committee, in recommending Rule 32(c), did not contemplate an absolute rule of nondisclosure without relevancy to the particular circumstance of a case. In fact the Advisory Committee observed in part:

"It is hoped that courts will make increasing use of their discretion to disclose so that defendants generally may be given full opportunity to rebut or explain facts in presentence reports which will be material factors in determining sentences." (Emphasis ours.) Notes of Advisory Committee on Rules, Fed.R.Crim.P. 32(c)(2) (18 U.S.C.A. Supp.1970.)

See also United States v. Dace, 502 F.2d 897 (8th Cir. 1974), and in particular the discussion at pages 907–908.