**UNITED STATES of America,**
**Appellee,**

v.

**Carl Eugene WEBSTER, Appellant.**

**No. 75–1341.**

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 5, 1975.

Decided Sept. 10, 1975.

Rehearing Denied Oct. 3, 1975.

---

$$\frac{\$333,724 - \$85,000}{272} = \$914.00$$

William R. Wilson, Jr., Little Rock, Ark., on briefs for appellant.

W. H. Dillahunty, U. S. Atty., Little Rock, Ark., on brief for appellee.

Before LAY, STEPHENSON and WEBSTER, Circuit Judges.

PER CURIAM.

This appeal from appellant's district court conviction for attempted bank robbery in violation of 18 U.S.C. § 2113(d) attacks the general rule which permits the introduction of defendant's prior felony convictions as impeachment evidence if the defendant testifies.

Appellant was indicted for the aforesaid crime on July 24, 1974. Prior to trial appellant filed a Motion in Limine seeking to prohibit the U. S. Attorney from cross-examining him in regard to prior convictions should he take the stand at trial. In his motion appellant revealed that he had previously been convicted of burglary and grand larceny in 1966 (Arkansas) and grand larceny and aggravated battery in 1973 (Florida).

The district court denied the motion after hearing, and the case was tried to a jury. Appellant did not testify. During the trial the court accepted appellant's offer of proof that he would have testified and denied any involvement in the alleged crime but for the fear of the prejudicial effects of the jury learning of his prior convictions. Appellant was convicted and sentenced to 15 years imprisonment.

Appellant's sole contention on appeal is that the district court's denial of his motion to suppress cross-examination of him as to prior convictions violated due process and his right to testify in his own behalf. This contention is without merit.

We have repeatedly held that an accused who takes the stand in his own defense may be cross-examined as to prior felony convictions for impeachment purposes. *See United States v. Pugh,* 509 F.2d 766, 768 (8th Cir. 1975); *United States v. Rucker,* 496 F.2d 1241, 1243 (8th Cir.), *cert. denied,* 419 U.S. 965, 95 S.Ct. 227, 42 L.Ed.2d 181 (1974); *Sears v. United States,* 490 F.2d 150, 154 (8th Cir.), *cert. denied,* 417 U.S. 949, 94 S.Ct. 3077, 41 L.Ed.2d 670 (1974); *United States v. Poitra,* 486 F.2d 46 (8th Cir. 1973); *United States v. Merrill,* 484 F.2d 168, 171 (8th Cir.), *cert. denied,* 414 U.S. 1077, 94 S.Ct. 594, 38 L.Ed.2d 314 (1973); *United States v. Scarpellino,* 431 F.2d 475, 478–79 (8th Cir. 1970). Similarly, the Supreme Court has found no constitutional infirmity in requiring a defendant to choose between remaining silent or risking impeachment by disclosure of his prior convictions. *See McGautha v. California,* 402 U.S. 183, 213–17, 91 S.Ct. 1454, 28 L.Ed.2d 711 (1971); *Spencer v. Texas,* 385 U.S. 554, 560–61, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967).

It has been recognized that there may be instances in which the prejudicial effects of admitting a prior conviction so far outweigh its probative value on the issue of credibility that it would be an abuse of discretion for the trial court to admit it. *See United States v. Pugh, supra; United States v. Sears, supra;*

*United States v. Scarpellino, supra* at 480 (concurring opinion of Judge Bright). However, appellant does not assert that there are special circumstances attendant to his convictions which remove them from the scope of the general rule of admissibility. Rather, his attack is confined to the validity of the general rule itself. As such, it must fail.

Accordingly, the judgment is affirmed.