UNITED STATES of America, Appellee,

v.

Raymond L. SCHARF, Appellant.

No. 76–1957.

United States Court of Appeals,
Eighth Circuit.

Submitted May 16, 1977.

Decided July 20, 1977.

Merle L. Silverstein, Clayton, Mo., for appellant.

Richard D. Billeaud, Asst. U. S. Atty., St. Louis, Mo., for appellee; Barry A. Short, U. S. Atty., St. Louis, Mo., on brief.

Before GIBSON, Chief Judge, and BRIGHT and HENLEY, Circuit Judges.

PER CURIAM.

Raymond L. Scharf of St. Louis, Missouri, appeals from his conviction in the United States District Court for the Eastern District of Missouri[1] of having willfully failed to collect, truthfully account for and pay over to the government federal income and social security taxes that he was required to withhold from the wages of employees of Ray Scharf Coin Machines, Inc., a corporation wholly owned and controlled by the defendant.

The indictment, which was brought under the provisions of 26 U.S.C. § 7202,[2] was in seven counts and charged violations with respect to the last three calendar quarters of 1973 and all four quarters of 1974. The defendant was tried to a jury, and the jury found him guilty on all seven counts. The defendant was sentenced later by Judge Regan to imprisonment for five years on each count of the indictment. It was stipulated that the sentences on Count 1 and count 2 were to be served consecutively; the sentences on the remaining counts were made to run concurrently with each other and with the sentence imposed on Count 2.[3]

1. The Honorable John K. Regan, United States District Judge.

2. § 7202. Willful failure to collect or pay over tax

Any person required under this title to collect, account for, and pay over any tax imposed by this title who willfully fails to collect or truthfully account for and pay over such tax shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution.

3. After his conviction in the instant case, but before imposition of sentence, the defendant pleaded guilty before Judge Wangelin in another case in which he was charged with a violation of the federal anti-extortion statute commonly know as the Hobbs Act. 18 U.S.C. § 1951. That charge grew out of the fact that the defendant had caused an explosive to be detonated in the automobile of a competitor while the vehicle was sitting unoccupied in front of the competitor's home. The defendant was sentenced in both cases on the same day. In the Hobbs Act case Judge Wangelin sentenced the defendant to imprisonment for ten years with the sentence to run concurrently

The defendant does not question the sufficiency of the evidence to sustain the conviction, nor does he complain of the instructions that the trial judge gave to the jury.

For reversal, the defendant urges that the district court erred in the following respects: (1) In refusing to require the government in advance of trial to disclose that certain former employees of the defendant[4] whom the government proposed to call as witnesses would testify under grants of immunity; (2) in admitting certain items of evidence that will be mentioned; (3) in refusing requested instructions based on the lesser included offense doctrine; and (4) in imposing the maximum sentences authorized by law on the respective counts of the indictment.

We affirm.

Prior to, during and after the period covered by the indictment the defendant, acting through his corporation, was the owner of certain coin operated pinball and vending machines located in various establishments in St. Louis and St. Louis County. The business was managed by Jack Hale; William Brandt and Richard Stephens were employed as route men.

It was the duty of the route men and part of the duties of Hale to visit the machines daily and remove money from them, placing the money in collection bags. Each collection was recorded on a daily route sheet. At the end of each day the total amount of the collections was recorded on a single document known as a "wraparound."

Hale and the route men were paid fixed wages or salaries. They were paid in part by checks drawn on the bank account of the business, and in part by cash which they withheld from collections with the consent and at the direction of the defendant. When money was withheld from a collection, the amount of the withholding would be noted in writing, and the notation would be placed in the employee's collection bag along with the cash that had not been withheld. During 1972, 1973 and 1974 and on into 1975 the cash withholdings were also noted on the daily wraparounds.

The defendant as an employer of labor was required by law to withhold from the wages of his employees federal income and social security taxes and to account for and pay over to the government the amounts withheld following the end of each calendar quarter. Each quarterly return was prepared on IRS Form 941 and was supported by a declaration that it was made under the penalties of perjury.

■ With respect to that part of the compensation of the employees that was evidenced by checks, the defendant withheld the required amounts and properly accounted for them and paid them over to the government. However, he withheld nothing with respect to that part of the compensation of the employees that they collected by taking cash from their collections, and that portion of their compensation was not reflected on the quarterly returns filed by the defendant. The jury was justified in finding and evidently did find that the conduct of the defendant amounted to a willful failure on his part to withhold, account for and pay over federal taxes and constituted violations of § 7202.[5]

The employees of the defendant seem to have been aware of what was going on, and their participation in the scheme probably involved violations of the law on their part

---

with any sentence that Judge Regan might impose in this case. Defendant filed a motion for relief from judgment in the Hobbs Act case which motion was denied. Defendant appealed, and the judgment of the district court was reversed and the cause remanded for an evidentiary hearing. *United States v. Scharf*, 551 F.2d 1124 (8th Cir. 1977).

4. For purposes of this opinion we will in general ignore the corporate existence of Ray Scharf Coin Machines, Inc. and will proceed as though the employees involved were the personal employees of the defendant as an individual.

5. Presumably, the sums withheld by the employees from their collections never went on the defendant's books as part of gross income. If so, defendant's income tax liability was probably reduced. However, he was not prosecuted for income tax evasion under § 7201 or for willful failure to pay income taxes under § 7203.

as well as on the part of the defendant. And that is apparently the reason why they were granted immunity in exchange for their testimony.

The Internal Revenue Service undertook an investigation of defendant's withholding tax liabilities in 1975. When the defendant learned of the investigation, he altered and caused to be altered the daily wraparounds for 1972, 1973 and 1974 so as to delete from them all references to the amounts of cash that the employees had withheld from their collections. Hale altered the 1972 wraparounds and in order to do so, he had to use some business forms that had not been printed prior to 1974. The defendant personally altered the 1973 and 1974 wraparounds.

At the trial of the case the principal defense tendered was that the cash that the employees took out of their collections was not compensation for their services but was reimbursement to them of expenses incurred by them in the discharge of their duties. That theory was exploded by the testimony of the former employees. The defendant also contended to some extent that the real villain in the piece was Hale, and that the defendant had always acted innocently and in good faith as far as his tax liabilities were concerned; the jury did not accept that theory.

Some months before the commencement of the trial the defendant moved to require the government to advise him, among other things, of the names of all prospective government witnesses to whom immunity had been granted. The district court did not require the government to supply that information in advance of trial, and the government did not supply it prior to the commencement of the trial. The employee witnesses who had been granted immunity were permitted to testify, and the defendant contends that it was error for the district court to permit them to do so in the circumstances.

■ If a government witness has been granted immunity or promised leniency or other reward in exchange for his testimony, that fact may be used by defense counsel on cross-examination to impeach the witness and impair his credibility. Although defense counsel in this case was not advised of the immunity grants prior to the beginning of the trial, he was aware of them prior to his cross-examination of the witnesses and he took full advantage of his knowledge. Thus, if the district court erred in not requiring the government to furnish the requested information prior to trial, its error was harmless and does not call for reversal.

Over the objections of the defendant the government was permitted to introduce the altered 1972 wraparounds, and Hale was permitted to testify that he altered them at the direction of the defendant. The defendant argues that the admission of this evidence was prejudicial error because it permitted the government to show other crimes not charged in the indictment.

■ We think that the evidence was admissible at least for the purpose of showing the defendant's motive, intent and willfulness, that it was not unduly prejudicial, and that the trial judge did not abuse his discretion in admitting it. See Fed.R.Evid. 404(b); *United States v. McMillian,* 535 F.2d 1035, 1038 (8th Cir. 1976); *United States v. Bledsoe,* 531 F.2d 888, 890–91 (8th Cir. 1976).

In the course of the trial the government called a number of witnesses and introduced a large number of documentary exhibits. As its last witness the government called Internal Revenue Agent Henry Purk who testified as an expert witness. Agent Purk had sat through the trial at the counsel table and had followed the evidence and was familiar with the exhibits. To illustrate and explain his testimony the government was permitted to introduce as its Exhibit No. 324 a summary that had been prepared by Purk which broke down the underlying evidence so as to show unreported wages and unpaid withholding taxes due with respect to those wages; the summary also related the basic evidence in the case to the respective calendar quarters mentioned in the indictment. The jury was appropriately cautioned about the limited use for

which the summary exhibit had been admitted and with respect to the effect to be given to the exhibit.

The defendant concedes that in cases of this kind summary exhibits are admissible in evidence, and he does not complain about the cautionary instructions given by the district court. His sole contention is that his attorney was entitled under Fed.R. Crim.P. 16(a)(1)(C) to be supplied with a copy of the exhibit in advance of trial.

■ There are two answers to that contention. First, although the exhibit had been partially prepared in advance of trial, its preparation was an ongoing process and was not, and in the nature of things could not be, finally completed until all of the underlying evidence on which the summary was based had come into the record. In the second place, we think that a summary exhibit prepared by a government expert to be used in connection with his testimony, to the extent that the exhibit is prepared in advance of trial, falls within the limitation on discovery in criminal cases that appears in Rule 16(a)(2).

Although defense counsel was not supplied with Exhibit No. 324 in advance of trial, counsel had seen and examined all of the underlying documents, and he was in a position to cross-examine Agent Purk in detail with respect to his reconstruction of unreported wages and unpaid withholding taxes. We see no error or abuse of discretion in the admission of the exhibit.

This brings us to the claim of the defendant that he was entitled to lesser included offense instructions geared to 26 U.S.C. § 7207. That section provides that any person who willfully delivers or discloses to the Internal Revenue Service "any list, return, account, statement, or other document known by him to be fraudulent or to be false in any material matter shall be fined not more than $1,000, or imprisoned not more than 1 year, or both. . . . "

■ The "lesser included offense" doctrine is well established and is recognized in Fed.R.Crim.P. 31(c). If the offense charged in the indictment includes a lesser offense,

and if under the evidence a jury could rationally find the defendant guilty of the lesser offense while finding him not guilty of the greater offense, he is entitled to an appropriate instruction submitting the lesser offense to the jury. *United States v. Bishop,* 412 U.S. 346, 93 S.Ct. 2008, 36 L.Ed.2d 941 (1973); *Keeble v. United States,* 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973); *Sansone v. United States,* 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965), and cases cited in those opinions.

The defendant's theory is that under the evidence in this case the jury rationally could have found that although the defendant may willfully have filed false returns in violation of § 7207 he did not willfully fail to collect, account for and pay over withholding taxes in violation of § 7202. We disagree.

■ In this circuit it is settled that a defendant is entitled to a lesser included offense instruction if, but only if, the following conditions are met: (1) An appropriate instruction must be requested; (2) the elements of the lesser offense are identical to part of the elements of the greater offense; (3) there is some evidence that would justify conviction of the lesser offense; (4) the proof on the differentiating element or elements must be sufficiently in dispute that the jury may consistently find the defendant innocent of the greater offense but guilty of the lesser; and (5) a charge on the lesser offense may appropriately be requested by either the prosecution or the defense. *United States v. Brischetto,* 538 F.2d 208, 209 (8th Cir. 1976); *DeBerry v. Wolff,* 513 F.2d 1336, 1338 (8th Cir. 1975); *United States v. Klugman,* 506 F.2d 1378, 1380–81 (8th Cir. 1974); *United States v. Thompson,* 492 F.2d 359, 362 (8th Cir. 1974).

The position of the defendant is subject to two fatal objections.

■ First, the quarterly returns that were filed by the defendant were supported by declarations that they were made under the penalties of perjury, and a willful filing of a false return so supported is itself a

felony punishable under 26 U.S.C. § 7206(1),[6] and § 7207 simply had nothing to do with the case.[7] The defendant did not request any instruction based on § 7206(1). Had he requested such an instruction and had it been given, and had he been convicted under that section rather than under § 7202, he would still have been convicted of a felony, and the only benefit that he would have gained would have been that the district court would have been limited to sentencing him to not more than three years on each count rather than five years. And that may well not have been considered a real benefit at the time of trial.

In the second place, and apart from any consideration of § 7206(1), we do not see in the evidence any rational basis for the jury to have found the defendant guilty under § 7207 but not guilty under § 7202.

The only nexus between the offense proscribed by § 7202 and that proscribed by § 7207 is willfulness, and the concept of willfulness under § 7202 does not differ from the concept of that term under § 7207. *See United States v. Bishop, supra.* If the defendant acted willfully in filing the false returns, he also acted willfully in failing to collect, account for and pay over the withholding taxes in question. Indeed, the only purpose in the filing of the false returns was to conceal the fact that wages had been paid with respect to which federal taxes had not been withheld. If the defendant did not act willfully in failing to withhold, account for and pay over the taxes in ques-

tion, he was simply innocent of any offense. The situation presented here does not differ essentially from that presented in *Sansone v. United States, supra,* wherein it was held that a defendant who had attempted to evade income tax by filing a false return and was indicted under § 7201 was not entitled to a lesser included offense instruction based on § 7207. *Cf. United States v. Klugman, supra.*

■ We consider finally defendant's complaint about the length of the sentences imposed on him. We grant to the defendant that the sentences, even with their concurrent features, were severe, perhaps unusually so for a case of this kind. However, the sentences were within statutory limits and were not so severe or unreasonable as to shock the judicial conscience. It should be kept in mind that the initial conduct of the defendant was aggravated by his later falsification of records for the purpose of frustrating the investigation that the Internal Revenue Service had launched, and the amount of taxes involved was not insubstantial.

We do not know what factors Judge Regan took into consideration in determining the sentences to be imposed upon the defendant, nor do we know whether or to what extent he considered the prior record of the defendant including the Hobbs Act case that has been mentioned.[8] As noted, the defendant's conviction in that case has not become final, and we do not know what proceedings have been had in the district

---

**6.** Insofar as here relevant § 7206 provides that "Any person who—(1) Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter . . . shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $5,000, or imprisoned not more than 3 years, or both, together with the costs of prosecution."

**7.** The relationship between § 7206(1) and § 7207 was discussed in *United States v. Bishop, supra.* In that case it was held that a person indicted under § 7206(1) was not entitled to a lesser included offense instruction based on § 7207. The defendant in that case

made the point that under 26 U.S.C. § 6065(a) all federal tax returns are required to be supported by verification unless Treasury Regulations provide otherwise. The Court stated that under the statute the Secretary of the Treasury has the authority to prescribe by Regulation that some returns need not be verified and that upon the exercise of that authority such returns would fall under § 7207 rather than § 7206(1); and the Court also said that there were other documents that might amount to "returns," and that such documents would be covered by § 7207 if no verification with respect to them was required. 412 U.S. at 357–58, 93 S.Ct. 2008.

**8.** See footnote 3, *supra.*

court in connection with the remand. Since the sentence imposed in the Hobbs Act case and the sentences imposed in this case were to run concurrently and were to run for ten years, it appears that if the district court should set aside the Hobbs Act conviction, reconsideration of the sentences imposed in this case might be justified. Appropriate relief, if any, rests with the district court under Fed.R.Crim.P. 35.

Affirmed.